SEÍN, PLAINTIFF AND APPELLANT, *v.* GONZÁLEZ ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Aguadilla in an Action of Intervention.

No. 1751.—Decided July 27, 1918.

INTERVENTION—SUBROGATION—ASSIGNMENT.—As between the plaintiff in an action in which money is attached in the hands of a municipality as belonging to a contractor for public works and another creditor who intervenes as the assignee of the original defendant, an assignment made by the said contractor to the intervenor of his right and interest to and in the payments accruing under the construction contract is not voided by the general rule that the consummation of a conventional subrogation requires the participation and consent of three persons: the original creditor, the person substituting him and the debtor.

The facts are stated in the opinion.

*Messrs. José D. Rodríguez* and *Abraham Peña* for the appellant.

*Messrs. Francis & Soto* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Juan B. Seín intervened in a suit pending in the District Court of Aguadilla and alleged:

"2. That defendant Jesús Ma. González, in a suit filed against defendant, Rafael García Soler, before this court to collect a sum exceeding six hundred dollars, attached as the property of the defendant the ten per cent owed by the Municipality of Lares to said Rafael García Soler as contractor for the construction of the aque-

duct of the town of Lares; and that said attachment was levied on the 14th of April, 1916.

"3. That on or about the date of the attachment and since January 26, 1916, complainant Juan B. Seín was and is now the owner of said sum of ten per cent owed by the Municipality of Lares and which amounts to a sum exceeding three thousand dollars, having been subrogated by the contractor, Rafael García Soler, in his stead and rights for the collection of the said sum, in order that petitioner could collect a sum exceeding eight thousand. dollars which he had advanced for the construction of the works of the aqueduct above referred to, and the sums which he had disbursed subsequently to January 26, 1916."

After a trial on the merits the action of the intervenor was dismissed.

A notarial instrument dated January 26, 1916, and introduced in evidence sets forth:

"*First.* That Rafael García Soler is the contractor for the waterworks of this town and that for the construction thereof he has associated himself with Francisco Paralitici.

"*Second.* That, as said partnership is a private one, payments are made directly to the contractor, Rafael García, on monthly cer- tificates of the work done; that moreover they have a balance of ten per cent of the value of the work.

"*Third.* That they have obtained on credit from various persons materials, wares and money now owing as follows:

"To F. Elizalde Lecaroz, three hundred and three dollars and sixteen cents;

"To Sbert & Marqués, two hundred and twenty-eight dollars and ninety-seven cents;

"To Alcover & Company, nine hundred and fifty dollars;

"To Adriano González, three hundred and sixty-nine dollars and eighty-six cents;

"To Márquez & Company, five hundred and thirty-five dollars;

"To Juan B. Seín, six thousand and eighty-six dollars and four cents.

"That the sums above mentioned amount to a total of eight thousand and four hundred and seventy-three dollars and three cents, of which total Seín has taken charge, wherefore Rafael García Soler, in the name of the constructing partnership, acknowledges an indebtedness to Seín for the said total sum.

"*Fourth.* That as several payments of materials and laborers are yet to be made, Rafael García Soler by these presents authorizes Juan Bautista Seín to pay the necessary amounts in this regard, through Paralitici, on vouchers approved by García.

"*Fifth.* That in order to pay to Juan Bautista Seín the debt of eight thousand and four hundred and seventy-three dollars and four cents and such future sums as he may disburse, Rafael García Soler subrogates Juan Bautista Seín in his place and rights to collect and receive all amounts to be paid by the Municipality of Lares to García as contractor for the water-works, including the ten per cent to be paid on completion of the work. On termination of said works a liquidation shall be made between García Soler in the name of the constructing partnership and Seín, each collecting or paying whatever balance may so result.

"Upon these premises they execute the following:

"'Rafael García Soler subrogates Juan Bautista Seín in his own stead and right to receive payments of any kind to be made by the municipality to the said García as contractor for the water-works of Lares, giving him (the said Seín) power to endorse and sign all checks which the municipality is to deliver to Seín.'"

This documentary evidence was supplemented by testimony along the same lines including the statement of the *alcalde* of Lares as to notice given him together with a copy of the instrument which he forwarded to the Department of the Interior in San Juan.

The record does not disclose the theory of the district court, but in support of the judgment appellees argue:

1st. That there was no subrogation on the part of the intervenor in the rights of the creditors of García.

2nd. That if such subrogation had been shown Seín could have acquired no more rights than such creditors had, and they could not have intervened.

3rd. That the intervenor could not set up in support of his theory of subrogation a debt due directly from García Soler to him because "the payment must have been of the debt of another." 37 Cyc. 374, 375.

4th. That there was no subrogation: (*a*) because the evidence does not show that Seín paid García the full amount of

the ten per cent in question, necessary to consummate such subrogation, but establishes only a debt from García to Seín and a guaranty of other debts owing by García to various creditors; and (b) because the agreement or contract between García and Seín was a mere power of attorney and not a conventional subrogation.

It is sufficient answer to the first of the these propositions to say that here the alleged subrogation is conventional, not legal, and that the intervenor claims to have been subrogated in the rights of García, not in those of his creditors.

Appellant cites no authority in support of the reason first given for the conclusion stated in his fourth proposition, and we fail to perceive why the money furnished, the promise of further advances, and the undertaking to discharge certain debts already contracted and guaranteed by Seín, do not constitute a valid consideration for the assignment by García of his right to future payments under the terms of his contract with the municipality. We also think the notarial instrument amounts to something more than a mere power of attorney and shows quite plainly an intention to transfer and assign the right, title and interest of García in and to all future instalments accruing under the construction contract, including the ten per cent to be paid on completion of the work. The agreement on the part of Seín to return to García the surplus, if any, over and above an amount sufficient to reimburse the former in full, is not only entirely compatible with this theory of the transaction, but very well might be regarded as a further consideration for the assignment.

But appellee also quotes from Manresa, volume 8, 436, as follows:

"A conventional subrogation, except the specific case referred to in section 1211, requires the intervention and consent of three persons: the original creditor, the person substituting him and the debtor."

However, the same author in the next paragraph says:

"What has been said does not exclude nor hamper the power of a creditor to transfer his credit to another, who accepts it, without the consent of the debtor; although in such event there is no *novation of contract* but an *assignment of rights,* between which there is an undoubted theoretical distinction that may cause different practical effects. In a novation a credit is extinguished and another appears, which is invoked by the new creditor as his own; in an assignment, the creditor represents a right which belonged to another and which has not been extinguished by the transmission. An assignment takes effect with reference to the debtor on notice thereof to him; the conventional subrogation of which we are speaking, from the very moment of the novation."

To the same effect is Novoa Seoane, *El Progreso del Instrumento Público,* second edition, page 609, (italics ours):

"3rd. Subrogation of a third party in the rights of a creditor, which must be done with the consent of the debtor, because *otherwise it is not a novation but an assignment of choses in action."*

. The judgment appealed from must be

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.